HONORABLE ROBERT J. BRYAN

1

2  IGNACIA S. MORENO
   Assistant Attorney General
3  Environment and Natural Resources Division
   U.S. Department of Justice
4
   RICHARD S. GREENE
5  Trial Attorney
   Environmental Enforcement Section
6  Environment and Natural Resources Division
   U.S. Department of Justice
7  Ben Franklin Station
   P.O. Box 7611
8  Washington, DC 20044-7611

9  JENNY DURKAN
   United States Attorney
10 Western District of Washington

11 BRIAN C. KIPNIS
   Assistant United States Attorney
12 Senior Litigation Counsel
   Office of the United States Attorney for the
13 Western District of Washington
   5200 United States Courthouse
14 700 Stewart Street
   Seattle, WA 98101-1271
15
   Attorneys for Plaintiff
16

17                   UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON
18                           AT TACOMA

19 UNITED STATES OF AMERICA,           )   Civil Action No.: 3:10-cv-05497
20                                      )
21           Plaintiff                  )   CONSENT DECREE
                                        )
22           vs.                        )
                                        )
23 CITY OF TACOMA'S PUBLIC WORKS        )
   DEPARTMENT                           )
24                                      )
             Defendant.                 )
25

**TABLE OF CONTENTS**

I. JURISDICTION AND VENUE ................................................................- 5 -

II. APPLICABILITY................................................................................- 5 -

III. DEFINITIONS ................................................................................- 6 -

IV. CIVIL PENALTY .............................................................................- 7 -

V.  COMPLIANCE REQUIREMENTS ...................................................- 8 -

VI. SUPPLEMENTAL ENVIRONMENTAL PROJECT ........................- 10 -

VII. REPORTING REQUIREMENTS ....................................................- 14 -

VIII. STIPULATED PENALTIES...........................................................- 18 -

IX. FORCE MAJEURE ..........................................................................- 23 -

X.  DISPUTE RESOLUTION.................................................................- 25 -

XI. INFORMATION COLLECTION AND RETENTION...........................- 27 -

XII. FAILURE OF COMPLIANCE ..........................................................- 28 -

XIII. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS ..............- 28 -

XIV. COSTS ..........................................................................................- 29 -

XV. NOTICES.......................................................................................- 30 -

XVI. EFFECTIVE DATE ........................................................................- 31 -

XVII. RETENTION OF JURISDICTION ..................................................- 31 -

XVIII. MODIFICATION............................................................................- 31 -

XIX. TERMINATION.............................................................................- 32 -

XX. PUBLIC PARTICIPATION .............................................................- 32 -

XXI. SIGNATORIES/SERVICE ..............................................................- 33 -

XXII. INTEGRATION..............................................................................- 33 -

XXIII. FINAL JUDGMENT.......................................................................- 33 -

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 2 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1  Plaintiff United States of America, on behalf of the United States Environmental

2  Protection Agency (EPA), has filed a complaint in this action concurrently with this Consent

3  Decree (Decree) alleging that Defendant City of Tacoma's Public Works Department violated

4  Section 608(c) of the Clean Air Act (CAA), 42 U.S.C. § 7671g(c); and 40 C.F.R. Part 82,

5  Subpart F (Recycling and Emissions Reduction).

6  The alleged violations pertain to Defendant's disposal of refrigerant containing

7  appliances at the Tacoma Solid Waste Management Facility (Landfill) located at 3510 S. Mullen

8  Street, Tacoma, Washington.  EPA first became aware of these alleged violations when

9  Defendant voluntarily disclosed a potential violation of 40 C.F.R. Part 82, during November

10  2006.

11  The Complaint alleges the following:

12  The Defendant "knowingly or otherwise" released the class I regulated substance

13  Dichlorodifluoromethane, or CFC-12, and the class II regulated substance

14  Monochlorodifluoromethane, or HCFC-22, in violation of 40 C.F.R. § 82.154(a)(2) from its

15  storage tanks from October 2004 to August 2007.

16  Defendant is, and was at the time of the alleged violations, responsible for the

17  management and operation of the Landfill.  Defendant accepts refrigerant or substitute

18  refrigerant-containing appliances at the Landfill for the purpose of disposal and scrap metal

19  recycling.  These appliances contain the class I regulated substance, CFC-12, and the class II

20  regulated substance, HCFC-22.   From October 2004 to August 2007, Defendant accepted

21  approximately 12,687 appliances that were manufactured to contain either CFC-12 or HCFC-22,

22  and Defendant was aware that these regulated substances were present or potentially present in

23  many of the appliances received at the Landfill for disposal and scrap metal recycling.

24  As part of the disposal process Defendant is required to remove and store any class I and

25  class II substance that is contained in the appliances accepted at the Landfill.  During the time

26  period alleged, Defendant's technicians removed the class I substance CFC-12 and the class II

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 3 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1  substance HCFC-22  from the appliances accepted at the Landfill and stored the refrigerant in

2  on-site storage tanks at the Landfill that were supposed to be shipped off-site for reclamation

3  when they were full.  During the time in question, Defendant's on-site storage capacity at the

4  Landfill for CFC-12 was 230 pounds and for HCFC-22 it was 80 pounds.  During this same time

5  period, Defendant processed refrigerant-containing appliances for disposal that contained

6  approximately 4,161 pounds of CFC-12 and 447 pounds of HCFC-22.  The quantity of CFC-12

7  and HCFC-22 Defendant processed was significantly greater than Defendant's on-site storage

8  tank capacity for these refrigerants.

9       During the time in question, Defendant failed to send any refrigerant or substitute

10  refrigerant removed from the appliances processed at the Landfill for reclamation, recycling or

11  destruction.  The removed refrigerant was not recorded as stolen, moved, or otherwise stored in

12  another location at the Landfill.  Subsequent to the recovery of CFC-12 and HCFC-22,

13  Defendant regularly purged its storage tanks which caused a release of these regulated

14  refrigerants in violation of 40 C.F.R. § 82.154(a)(2).

15       Defendant denies the allegations in the Complaint.  Further, by entering into this

16  settlement, Defendant does not admit any liability to the United States or to any third party

17  arising out of the occurrences or violations alleged in the Complaint.

18       The United States and Defendant (the Parties) recognize, and the Court by entering this

19  Decree finds, that this Decree has been negotiated by the Parties in good faith and is fair and

20  reasonable.  Furthermore, settlement of this action is in the public interest and entry of this

21  Decree without further litigation is the most appropriate means of resolving this matter.

22       Now, therefore, before the taking of any testimony, without the adjudication or admission

23  of any issue of fact or law except as provided in Section I, and with the consent of the Parties,

24  this Decree is hereby ADJUDGED, ORDERED, and DECREED as follows:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C.
§§ 1331, 1345, and 1355; Section 113(b) of the CAA, 42 U.S.C. § 7413(b); and over the
Parties.

2. Venue is proper in this District pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b)
and 28 U.S.C. §§ 1391(b) and 1395(a), because Defendant is located in this judicial district
and the releases of refrigerant giving rising to this claim occurred in this judicial district.  For
purposes of this Decree, or any action to enforce this Decree, Defendant consents to the
Court's jurisdiction over this Decree and any such action over Defendant and consents to
venue in this judicial district.

3. Solely for purposes of this Decree, Defendant agrees that the Complaint states claims upon
which relief may be granted pursuant to Section 608(c) of the CAA, 42 U.S.C. § 7671g(c)
and Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

**II. APPLICABILITY**

4. The obligations of this Decree apply to and are binding upon the United States, and upon
Defendant and any successors, assigns, or other entities or persons otherwise bound by law.

5. No transfer of ownership or operation of the Landfill, whether in compliance with the
procedures of this Paragraph or otherwise, shall relieve Defendant of its obligation to ensure
that the terms of the Decree are implemented.  At least 30 Days prior to such transfer,
Defendant shall provide a copy of this Decree to the proposed transferee and shall
simultaneously provide written notice of the prospective transfer, together with a copy of the
proposed written agreement, to EPA Region 10, the United States Attorney for the Western
District of Washington, and the United States Department of Justice, in accordance with
Section XV of this Decree (Notices).  Any attempt to transfer ownership or operation of the
Landfill without complying with this Paragraph constitutes a violation of this Decree.

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 5 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

6. Defendant shall provide a copy of this Decree to all officers, employees, and agents whose duties might reasonably include compliance with any provision of this Decree, as well as to any contractor retained to perform work required under this Decree.  Defendant shall condition any such contract upon performance of the work in conformity with the terms of this Decree.

7. In any action to enforce this Decree, Defendant shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Decree.

## III.  DEFINITIONS

8. Except as otherwise set forth herein, terms used in this Decree that are defined in Title VI of the CAA, 42 U.S.C. § 7401 *et. seq.*, and 40 C.F.R. Part 82, Subpart F shall have the meanings contained therein.  References to the CAA and the Recycling and Emissions Reduction regulations shall also include any amendments thereto.  Whenever the terms set forth below are used in this Decree, the following definitions shall apply.

    a.  "Complaint" shall mean the complaint filed by the United States in this action;

    b.  "Consent Decree" or "Decree" shall mean this Decree;

    c.  "Day" shall mean a calendar day unless expressly stated to be a working day.  In computing any period of time under this Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day;

    d.  "Defendant" shall mean the City of Tacoma, and all of its departments, divisions and offices;

    e.  "EPA" shall mean the United States Environmental Protection Agency and any of its successor departments or agencies;

    f.  "Effective Date" shall have the definition provided in Section XVI;

    g.  "Paragraph" shall mean a portion of this Decree identified by an Arabic numeral;

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 6 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1      h.  "Purge" shall mean the intentional opening of a refrigerant storage tank in order to
2         lower tank pressure by removing gases from the tank;

3      i.  "Section" shall mean a portion of this Decree identified by a Roman numeral;

4      j.  "SEP Implementation Date" shall mean the date on which a SEP implemented by
5         Defendant pursuant to Paragraph 15(a), 15(b), or 15(c) is placed into regular
6         operation;

7      k.  "SEP Completion Date" shall mean the date that all SEPs implemented by Defendant
8         pursuant to Paragraph 15 are completed; and

9      l.  "United States" shall mean the United States of America, acting on behalf of EPA.

## IV. CIVIL PENALTY

11  9.  Within 30 Days after the Effective Date of this Decree, Defendant shall pay the sum of
12     **$224,684** as a civil penalty.  If any portion of the civil penalty is past due to the United States
13     following expiration of the 30 Day period, Defendant shall pay interest on the amount past
14     due accruing from the Effective Date of this Decree through the date of payment at the rate
15     specified in 28 U.S.C. § 1961.  Interest payments under this Paragraph shall be in addition to
16     any stipulated penalty due in accordance with this Decree.

17  10. Defendant shall pay the civil penalty due by FedWire Electronic Funds Transfer (EFT) to the
18     U.S. Department of Justice in accordance with written instructions to be provided to
19     Defendant, following lodging of this Decree, to the Financial Litigation Unit of the U.S.
20     Attorney's Office for the Western District of Washington, 700 Stewart Street, Suite 5220,
21     Seattle, WA 98101-1271, (206) 553-1866.  At the time of payment, Defendant shall send a
22     copy of the EFT authorization form and the EFT transaction record, together with a
23     transmittal letter, which shall state that the payment is for the civil penalty owed pursuant to
24     the Decree in *United States v. City of Tacoma's Public Works Department*, and shall
25     reference the civil action number and DOJ case number 90-5-2-1-09582, to the United States

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 7 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1      in accordance with Section XV of this Decree (Notices); by email

2      to acctsreceivable.CINWD@epa.gov; and by mail to:

3             U.S. EPA Cincinnati Finance Office

4               26 Martin Luther King Drive

5                Cincinnati, Ohio  45268

6   11. Defendant shall not deduct any penalties paid under this Decree pursuant to this Section or

7      Section VIII (Stipulated Penalties) in calculating its federal income tax.

8                    **V.  COMPLIANCE REQUIREMENTS**

9   12. It is the express purpose of the Parties in entering this Decree to further the goals of the

10      CAA.  By its signature to this Decree, Defendant certifies that to the best of its knowledge

11      the current refrigerant recovery operating procedures at the Landfill are in compliance with

12      Section 608 of the CAA, 42 U.S.C. § 7671g(c), and its implementing regulations at 40 C.F.R.

13      Part 82, Subpart F, also known as the Recycling and Emissions Reduction regulations.

14   13. Defendant shall comply with the following upon the entry of this Decree:

15       a.  Defendant shall comply with 40 C.F.R. Part 82, Subpart F;

16       b.  Defendant shall implement and use a refrigerant evacuation process that meets the

17         required practices under 40 C.F.R. § 82.156;

18       c.  Defendant shall use a pressure gauge to determine if refrigerant is present in the

19         appliance prior to evacuating refrigerant from each appliance;

20       d.  Defendant shall verify that the system pressure has been reduced to the pressure

21         required by 40 C.F.R. § 82.156 before disconnecting hoses and finishing the process

22         of evacuating refrigerant from an appliance;

23       e.  Defendant shall do one of the following:

24           i.  Record the weight of its refrigerant storage tanks before and after evacuating

25             refrigerant from each appliance; or

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 8 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

ii. Record the weight of each tank at the beginning and end of each day and record the amount of refrigerant recovered from each appliance. The process to measure refrigerant weight for each appliance is accomplished by attaching the hoses to the appliance, setting up the recovery system/equipment in a manner that is ready for properly recovering refrigerant, and pressing the zero function on the scale so the scale reads zero. After the recovery process is complete and before the hoses and system are removed from the unit, the net weight measured after the scale was set to zero is recorded as the amount of refrigerant captured for that unit.

f.  Defendant shall electronically store and track the number of refrigerant-containing appliances processed at the Landfill, the condition of each appliance entering the facility with particular attention to the condition of the compressor or refrigerant lines, and other parts of the appliance designed to contain refrigerant (e.g., normal, empty, lines cut), the amount of refrigerant evacuated from each appliance, the weight of the refrigerant storage tanks, and the date, quantity, type, and destination of shipments of refrigerants to a reclamation facility;

g.  Defendant shall maintain data created from its software tracking report and submit refrigerant evacuation and storage records to EPA on a quarterly basis within 30 Days following March 30, June 30, September 30, and December 30. Defendant shall also include an analysis of the data with conclusions about the Defendant's refrigerant evacuations and storage for that quarter that is consistent with Section VII (Reporting Requirements). If Defendant's analysis of the data reveals any non-compliance with 40 C.F.R. Part 82, Defendant shall notify EPA pursuant to Paragraph 32 and Section XV (Notices);

h.  If Defendant purges content from any refrigerant storage tank, Defendant shall recover gas and/or refrigerant into another tank. This shall be done in such a way that

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 9 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1   no gas and/or refrigerant is released into the environment.  Defendant shall measure

2   and record the pressure and weight of the refrigerant storage tank and the purge tanks

3   before and after purging;

4   i.   On a quarterly basis, or more frequently if necessary, Defendant shall send recovered

5   refrigerant away for reclamation.

6   ## VI.  SUPPLEMENTAL ENVIRONMENTAL PROJECTS

7   14. Defendant agrees that the projects required in this Section are intended to secure significant

8   environmental and/or public health protection and improvement.  Defendant shall implement

9   the following Supplemental Environment Projects ("SEPs") in accordance with this Section

10   and Appendix A, attached to this Decree and incorporated within by reference.

11   15. Defendant will implement the following SEPs:

12   a.   SEP:  Hydraulic Launch Assist Refuse Collection Vehicle.  Defendant shall

13   satisfactorily complete the Hydraulic Launch Assist Refuse Collection Vehicle (HLA

14   vehicle) SEP by purchasing an HLA vehicle, placing it into regular service in

15   Defendant's vehicle fleet, submitting the SEP Evaluation Report pursuant to Paragraph

16   18, and operating the HLA vehicle for a minimum of 5 years from its SEP

17   Implementation Date.   This SEP is designed to address the Defendant's use of fuel and

18   the emissions of its solid waste collection vehicles.  The HLA vehicle is expected to

19   maximize the energy created by the vehicle, reduce the Defendant's fuel consumption,

20   and decrease harmful emissions that are currently emitted from Defendant's waste

21   collection vehicles.   As set forth in more detail in Appendix A, the HLA vehicle will be

22   purchased within 18 months of the Effective Date of this Decree as a replacement vehicle

23   in Defendant's fleet of waste collection vehicles.  The estimated cost of this SEP is

24   **$47,997.**  Within 30 Days of placing an order to purchase the HLA vehicle, Defendant

25   shall provide written notification to the United States of such purchase. Defendant shall

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 10 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1    also notify the United States in writing within 30 Days after taking delivery that the HLA

2    vehicle has been placed into regular service in Defendant's vehicle fleet.

3    b.    SEP: Pluggable Hybrid Electric Terminal Truck.  Defendant shall satisfactorily

4    complete the Pluggable Hybrid Electric Terminal Truck SEP (Hybrid Terminal SEP) by

5    purchasing a Pluggable Hybrid Electrical Terminal Truck, placing it into regular service

6    in Defendant's vehicle fleet, submitting the SEP Evaluation Report pursuant to Paragraph

7    18, and operating the Hybrid Terminal Truck for a minimum of 5 years from its SEP

8    Implementation Date.  The Pluggable Hybrid Electric Terminal Truck is expected to

9    increase Defendant's fuel economy and decrease harmful emissions that would otherwise

10   be emitted by Defendant's yard tractors that are currently in use at the Landfill.  As set

11   forth in more detail in Appendix A, the Pluggable Hybrid Electric Terminal Truck will be

12   purchased within 12 months of the Effective Date of this Decree as a replacement for a

13   yard tractor that is currently in use at the Landfill.  The estimated cost of this SEP is

14   **$81,378.**  Within 30 Days of placing an order to purchase the Pluggable Hybrid Electric

15   Terminal Truck, Defendant shall provide written notification to the United States of such

16   purchase.  Defendant shall also notify the United States in writing within 30 Days after

17   taking delivery that the Pluggable Hybrid Electric Terminal Truck has been placed into

18   regular service in Defendant's vehicle fleet.

19   c.    SEP: Retrofit Long-Haul Semi-Tractors with Diesel Particulate Filters (DPF).

20   Defendant shall satisfactorily complete the DPF SEP by retrofitting DPFs on ten diesel

21   powered long-haul semi-tractors so that each DPF is fully operational and operating these

22   long-haul semi-tractors and the attached DPFs until the end of the Defendant's useful life

23   of each long-haul semi-tractor or five years, whichever occurs first.  "Fully operational"

24   shall mean the DPFs are installed so that Defendant can comply with the reporting

25   requirements of Paragraph 28(f) of this Decree.  This SEP is designed to address the

26   emissions that occur at Defendant's Landfill as well as in the surrounding Tacoma and

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 11 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1  Pierce County areas when solid waste is transported to and from the Landfill.

2  Implementation of this SEP will require installing the DPFs on each long-haul semi-

3  tractor and is expected to reduce harmful emissions that would otherwise be emitted by

4  Defendant's long-haul semi-tractors that are currently in use at the Landfill.  As set forth

5  in more detail in Appendix A, the DPFs will be installed by March 31, 2011.  The

6  estimated cost of this SEP is **$169,870**.  Within 30 Days of installing the DPFs, the

7  Defendant shall notify the United States in writing of such installations.

8 16. Defendant is responsible for the satisfactory implementation and completion of each SEP in

9  accordance with the requirements of this Decree and pursuant to Appendix A of this Decree.

10  The total estimate of eligible SEP costs for all three SEPs is **$269,783**.  Eligible SEP costs

11  shall include only those actual costs of completing the SEP as described in Appendix A and

12  do not include costs associated with developing, maintaining, or operating the projects under

13  this Section of the Decree.  Nor do they include Defendant's overhead, additional employee

14  time and salary, administrative expenses, legal fees, labor costs, and oversight of these

15  projects.  Eligible SEP costs also do not include costs which are inconsistent with each SEP

16  description in the attached Appendix A.

17 17. With respect to the SEPs, Defendant certifies the truth and accuracy of the following:

18  a. That, as of the date of executing this Decree, Defendant is not required to perform

19  or develop the SEPs by any federal, state, or local laws or regulations and is not required

20  to perform or develop the SEPs by agreement, or as injunctive relief awarded in any other

21  action in any forum;

22  b. That the SEPs are not projects that Defendant was planning or intending to

23  construct, perform, or implement other than in settlement of the claims resolved in this

24  Decree;

25  c. That Defendant has not received, and is not negotiating to receive, credit for the

26  SEPs in any other enforcement action; and

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 12 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1       d.     That Defendant will not receive any reimbursement for any portion of the SEPs

2       from any other person.

3  18. Defendant shall submit to EPA a SEP Evaluation Report that evaluates the technological and

4      environmental benefits of the HLA vehicle and the Hybrid Terminal Truck.  The SEP

5      Evaluation Report shall include analytical information regarding the technical requirements

6      and financial expenditures necessary to implement the HLA vehicle and Hybrid Terminal

7      Truck.  This report shall include the Defendant's assessment on whether the objectives of the

8      HLA vehicle and the Hybrid Terminal Truck were achieved since the SEP Implementation

9      Date.  If Defendant determines no environmental benefits were achieved, the report shall

10     provide an analysis of the problems associated with the implementation and operation of the

11     HLA vehicle and/or the Hybrid Terminal Truck.  For the HLA vehicle, the Defendant shall

12     evaluate the HLA vehicle's energy output, its fuel consumption, and its emissions as

13     compared to the rest of Defendant's trash collection vehicle fleet.  For the Hybrid Terminal

14     Truck, the report shall analyze the Hybrid Terminal Truck's fuel consumption and emissions

15     as compared to the rest of Defendant's fleet of yard tractors.  The SEP Evaluation Report

16     shall be submitted no later than 30 months after the SEP Implementation Date for either the

17     HLA vehicle or the Hybrid Terminal Truck, whichever is later.  This report may be publicly

18     disseminated pursuant to Paragraph 23.

19  19. Defendant shall submit to the United States SEP Status Reports as set forth in Paragraph 27

20     below.

21  20. Defendant shall submit to the United States one SEPs Completion Report as set forth in

22     Paragraph 28.

23  21. Each submission required under this Section shall be signed by an official of Defendant with

24     sufficient knowledge of the SEPs and shall bear the certification language set forth in this

25     Decree in Section VII (Reporting Requirements).

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 13 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1  22. Disputes concerning the satisfactory performance of a SEP and the amount of eligible SEP

2      costs may be resolved under Section X (Dispute Resolution) of this Decree.  No other

3      disputes arising under this Section shall be subject to Dispute Resolution.

4  23. Any written public statement made by Defendant making reference to the SEPs under this

5      Decree, including a scheduled oral presentation regarding the SEPs required by this Decree,

6      shall include the following language:  "This project was undertaken in connection with the

7      settlement of an enforcement action in <u>United States v. City of Tacoma Solid Waste Division</u>

8      taken on behalf of the U.S. Environmental Protection Agency under the Clean Air Act."

9  24. Upon the implementation of each SEP, Defendant shall regularly use or operate the vehicles

10     or equipment comprising each of the SEPs in accordance with Paragraph 15 and the attached

11     Appendix A, except as provided in this Section or during periods of malfunction, repair or

12     servicing of the SEP vehicles, provided that during such periods Defendant shall implement

13     good air pollution control practices to minimize emissions of the vehicles used to replace the

14     SEP vehicles, including but not limited to proper and regularly scheduled maintenance and

15     repairs, to minimize emissions during the period when a SEP vehicle(s) is out of service.

16 25. This Decree shall not relieve Defendant of its obligation to comply with all applicable

17     provisions of federal, state, or local law, nor shall it be construed to be a ruling on, or

18     determination of, any issue related to any federal, state or local permit, nor shall it be

19     construed to constitute EPA approval of the equipment or technology installed by Defendant

20     in connection with the SEPs undertaken pursuant to this Decree.

21 26. For tax purposes, Defendant agrees it will neither capitalize into inventory or basis nor

22     deduct the costs or expenditures incurred in implementing each SEP.

23                   **VII.  REPORTING REQUIREMENTS**

24 27. Commencing on the Effective Date and continuing until the SEP Completion Date,

25     Defendant shall submit to EPA an annual SEP Status Report by December 31st of each year.

26     The SEP Status Reports shall: 1) include a discussion of Defendant's progress in satisfying

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 14 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1    its obligations in connection with the Compliance Requirements (Section V) provided for in

2    this Decree; and 2) include a detailed report on Defendant's progress in implementing and

3    completing the SEPs described in Paragraph 15 above, including an itemization of the dollar

4    amounts expended.

5    28. Within 6 months of the date when the final SEP is completed (i.e., the SEP Completion Date

6    for such SEP), Defendant shall submit to the person(s) identified in Section XV (Notices)

7    one SEPs Completion Report that shall contain the following information:

8         a.      A description of each SEP as implemented pursuant to this Decree;

9         b.      A description of any problems encountered and the solutions thereto;

10        c.      An itemized list of all eligible SEP costs expended and invoices or other

11   documentation supporting such costs;

12        d.      Certification that each SEP has been fully implemented pursuant to the provisions

13   of this Decree and the attached Appendix A and that reported expenditures of eligible

14   SEP costs are true and accurate;

15        e.      A description of the environmental and public health benefits resulting from

16   implementation of each SEP (with a quantification of the benefits and pollutant

17   reductions, where appropriate); and

18        f.      The section addressing the Diesel Particulate Filter Retrofit SEP shall include:

19             1)  An itemized list containing the following information for each retrofitted

20                vehicle:

21                     a)  Vehicle type;

22                     b)  Model year;

23                     c)  Engine manufacturer;

24                     d)  Engine size (Hp);

25                     e)  Estimated annual miles or hours of operation;

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 15 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

f) Retrofit cost per vehicle (itemizing all retrofit costs, including installation costs);

g) Estimated fuel usage (gallons per year);

h) Estimated emissions reductions for particulate matter, hydrocarbons and carbon dioxide; and

i) Copy of invoices for purchase of control technologies.

29. Within 45 Days after receiving Defendant's SEPs Completion Report, the United States shall notify Defendant in writing whether or not each of the SEPs has been satisfactorily completed, except that if the United States requests additional information under Paragraph 30, the 45 Day notification period shall be tolled from the Day of the request to the Day all requested information is provided by Defendant. If Defendant has not implemented the SEPs in accordance with this Decree, stipulated penalties may be assessed under Section VIII (Stipulated Penalties) of this Decree.

30. EPA may, in its sole discretion, require information in addition to what is described in Paragraphs 27 and 28, in order to determine the progress of each SEP, the adequacy of SEP completion or eligibility of SEP costs, and Defendant shall provide such information.

31. Defendant bears the burden of clearly segregating eligible SEP costs from other costs not eligible for SEP credit. If EPA requests further information concerning the eligibility of SEP costs, any non-segregable cost evidence that contains both SEP eligible and non-SEP eligible costs items shall be disallowed in its entirety.

32. If Defendant violates, or has reason to believe that it may violate, any requirement of this Decree, Defendant shall notify the United States of such violation and its likely duration, in writing, within ten (10) working Days of the Day Defendant first becomes aware of the violation, with an explanation of the violations' likely cause and of the remedial steps taken, or to be taken, to prevent or minimize such violation. If the cause of a violation cannot be fully explained at the time the report is due, Defendant shall so state in the report. Defendant

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 16 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1   shall investigate the cause of the violation and shall then submit an amendment to the report,

2   including a full explanation of the cause of the violation, within 30 Days of the Day

3   Defendant becomes aware of the cause of the violation.  Nothing in this Paragraph or the

4   following Paragraph relieves Defendant of its obligation to provide the notice required by

5   Section IX of this Decree (Force Majeure).

6   33. Whenever any violation of this Decree or any other event affecting Defendant's performance

7   under this Decree may pose an immediate threat to the public health or welfare or the

8   environment, Defendant shall notify EPA orally or by electronic or facsimile transmission as

9   soon as possible, but no later than 24 hours after Defendant first knew of the violation or

10   event.  This procedure is in addition to the requirements set forth in the preceding

11   Paragraphs.

12   34. All reports shall be submitted to the person(s) designated in Section XV of this Decree

13   (Notices).

14   35. Each report submitted by Defendant under this Section shall be signed by an official of the

15   submitting party and include the following certification:

16   I certify under penalty of law that this document and all

17   attachments were prepared under my direction or supervision in

18   accordance with a system designed to assure that qualified

19   personnel properly gather and evaluate the information submitted.

20   Based on my inquiry of the person or persons who manage the

21   system, or those persons directly responsible for gathering the

22   information, the information submitted is, to the best of my

23   knowledge and belief, true, accurate, and complete.  I am aware

24   that there are significant penalties for submitting false information,

25   including the possibility of fine and imprisonment for knowing

26   violations.

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 17 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1    This certification requirement does not apply to emergency or similar

2    notifications where compliance would be impractical.

3    36. Defendant also certifies that Defendant would have agreed to perform a

4    comparably valued, alternative project other than a diesel emissions reduction

5    SEP if the United States was precluded by law from accepting a diesel

6    emissions reduction SEP.

7    37. The reporting requirements of this Decree do not relieve Defendant of any reporting

8    obligations required by the CAA or its implementing regulations, or by any other federal,

9    state, or local law, regulation, permit, or other requirement.

10   38. Any information provided pursuant to this Decree may be used by the United States in any

11   proceeding to enforce the provisions of this Decree and as otherwise permitted by law.

12                          **VIII. STIPULATED PENALTIES**

13   39. Defendant shall be liable for stipulated penalties to the United States for violations of this

14   Decree as specified below, unless excused under Section IX (Force Majeure).  A violation

15   includes failing to perform any obligation required by the terms of this Decree, including

16   payment of civil penalties, compliance requirements, implementation and completion of

17   SEPs, and submission of any required reports or notifications according to all applicable

18   requirements of this Decree and within the specified time schedules established by or

19   approved under this Decree and pursuant to Appendix A.

20   40. Late Payment of Civil Penalty: If Defendant fails to pay the civil penalty required to be paid

21   under Section IV of this Decree (Civil Penalty) when due, Defendant shall pay a stipulated

22   penalty of **$1,000** per Day for each Day that the payment is late.  Late payment of the civil

23   penalty shall be made in accordance with Section IV.  All transmittal correspondence shall

24   state that any such payment is for late payment of the civil penalty due under this Decree, or

25   for stipulated penalties for late payment, as applicable, and shall include the indentifying

26   information set forth in Section IV.

CONSET DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 18 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

41. Timely Implementation of SEP's

    a.  The following Stipulated Penalties shall accrue per violation per Day for each violation of the requirements identified in subparagraphs b-d:

| Penalty Per Violation Per Day | Period of Noncompliance |
| --- | --- |
| $250 | 1st through 30th Day |
| $500 | 31st Day through 60th Day |
| $1500 | 61st Day and beyond |

    b.  Replace a heavy diesel long-haul semi-tractor with the purchase and inclusion of a HLA vehicle into Defendant's fleet within 18 months of the Effective Date.

    c.  Replace a diesel-burning yard tractor with the purchase and inclusion of a Pluggable Hybrid Electric Terminal Truck into Defendant's fleet within 12 months of the Effective Date.

    d.  Purchase and install Diesel Particulate Filters on ten of Defendant's remaining long-haul semi-tractors that currently lack filters by March 31, 2011.

42. Compliance and Reporting Requirements:  The following stipulated penalties shall accrue per violation per Day for each violation of the reporting requirements of Sections VI (Supplemental Environmental Project) and Section VII (Reporting Requirements), and the compliance and reporting requirements in Paragraph 13, except 13.h.:

| Penalty Per Violation Per Day | Period of Noncompliance |
| --- | --- |
| $125 | 1st through 30th Day |
| $250 | 31st through 60th Day |
| $750 | 61st Day and beyond |

Stipulated penalties shall begin to accrue immediately.  If Defendant in good faith timely submits a report required by Section VII of this Decree and EPA determines that a component of the report is deficient, EPA will provide notice in writing of the deficiency and

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 19 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1      allow Defendant at least 20 Days to correct the deficiency.  In this circumstance, stipulated

2      penalties will not begin to accrue until the expiration of the 20-day period.

3    43. A stipulated penalty of **$1,500** per Day per violation shall accrue for any violation of

4      Paragraph 13.h.

5    44. <u>SEP Costs</u>:

6        a.   If the total eligible SEP costs reported in the SEPs Completion Report required under

7           Paragraph 28 are not at least 90% of the estimated value of eligible SEP costs stated

8           in Paragraph 16, Defendant shall pay as a stipulated penalty the difference between

9           the estimated SEP value in Paragraph 16 and the eligible SEP costs reported in the

10          SEPs Completion Report.

11        b.   If Defendant fails to purchase or otherwise place the HLA vehicle or the Pluggable

12           Hybrid Electric Terminal Truck into regular service for a minimum of 5 years from

13           the SEP Implementation Date, Defendant shall be subject to the following stipulated

14           penalties:

15              (i)     **$47,997**:  Failure to purchase the HLA vehicle.

16              (ii)    **$24,591:**  Failure to place the HLA vehicle into service for a minimum of

17              5 years from the SEP Implementation.

18              (iii)   **$81,378:**  Failure to purchase the Pluggable Hybrid Electric Terminal

19              Truck.

20              (iv)   **$57,997:**  Failure to place the Pluggable Hybrid Electric Terminal Truck

21              into service for a minimum of 5 years from the SEP Implementation.

22        c.   If Defendant fails to retrofit each of the 10 diesel long-haul semi-tractors with DPFs

23           and operate them until the end of the Defendant's useful life for each long-haul semi-

24           tractor, or five years, whichever occurs first, as required by Paragraph 15(c),

25           Defendant shall pay a stipulated penalty of **$169,870**, except that for each DPF

26           retrofit that Defendant does satisfactorily complete, as described in Paragraph 15(c)

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 20 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1   and Appendix A of this Decree, an amount of **$14,672** shall be subtracted from this

2   stipulated penalty.

3       d.   Stipulated penalties under sub-paragraphs (b) and (c) are due *without demand* within

4          30 days after the date on which the purchase of a SEP or the completion of a SEP was

5          required under this Decree.

6       e.   If Defendant reasonably believes that it has spent the required amount of money on a

7          SEP pursuant to Paragraph 44(a), above, but EPA determines stipulated penalties are

8          due because some of the claimed expenses are not eligible for SEP credit, the

9          Stipulated Penalties are due 30 Days after Defendant receives the United States'

10          written demand.

11       f.   This Paragraph addresses stipulated penalties for failure to purchase and failure to

12          complete implementation of a SEP.  Stipulated penalties for failure to implement a

13          SEP on time shall be governed by Paragraph 41, and stipulated penalties for failure to

14          comply with SEP reporting requirements shall be governed by Paragraph 42.  The

15          stipulated penalties in Paragraphs 44(a)-(c) are in addition to those required under

16          Paragraphs 41 and 42.

17   45. Defendant shall pay any stipulated penalty within 30 Days of receiving the United States'

18       written demand except stipulated penalties that are due without demand pursuant to

19       Paragraph 44(d).

20   46. The United States may in the unreviewable exercise of its discretion, reduce or waive

21       Stipulated Penalties otherwise due it under this Decree.

22   47. Except as provided in Paragraph 44, and notwithstanding the date of any demand for such

23       penalties pursuant to Paragraph 45, stipulated penalties under this Section shall begin to

24       accrue on the Day after performance is due or on the Day a violation occurs, whichever is

25       applicable, and shall continue to accrue until performance is satisfactorily completed or until

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 21 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1   the violation ceases.  Stipulated penalties shall accrue simultaneously for separate violations

2   of this Decree.

3   48. Stipulated penalties shall continue to accrue as provided in this Section during any Dispute

4   Resolution, with interest on accrued penalties payable and calculated by the rate specified in

5   28 U.S.C. § 1961, but need not be paid until the following:

6       a.      If the dispute is resolved by agreement or by a decision of EPA that is not

7       appealed to the Court, Defendant shall pay accrued penalties determined to be owing,

8       together with interest, to the United States within 30 Days of the effective date of the

9       agreement or the receipt of EPA's decision or order.

10      b.      If the dispute is appealed to the Court and the United States prevails in whole or

11      in part, Defendant shall pay all accrued penalties determined by the Court to be owing,

12      together with interest, within 60 Days of receiving the Court's decision or order, except

13      as provided in subparagraph c, below.

14      c.      If any Party appeals the District Court's decision, Defendant shall pay all accrued

15      penalties determined to be owing, together with interest, within 15 Days of receiving the

16      final appellate court decision.

17  49. Defendant shall pay Stipulated Penalties under Paragraph 42 for violations of the Compliance

18      Requirements set forth in Paragraph 13, including violations of 40 C.F.R. § 82.156, occurring

19      between the date of lodging and the Effective Date of this Decree.

20  50. Defendant shall pay stipulated penalties owing to the United States in the manner set forth

21      and with the confirmation notices as provided in Section IV (Civil Penalties), except that the

22      transmittal letter shall state that the payment is for stipulated penalties and shall state for

23      which violation(s) the penalties are being paid.

24  51. Defendant shall not deduct Stipulated Penalties paid under this Section in calculating its

25      federal income tax.

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 22 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

52. Failure by the United States to demand stipulated penalties shall have no effect on the accrual of such penalties.

53. Nothing herein shall preclude the simultaneous accrual of penalties for separate violations of this Decree.

54. If Defendant fails to pay stipulated penalties according to the terms of this Decree, Defendant shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due. Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties.

55. Subject to the provisions of Section XIII of this Decree (Effect of Settlement/Reservation of Rights), the stipulated penalties provided for in this Decree shall be in addition to any other rights, remedies, or sanctions available to the United States for Defendant's violation of this Decree or Title VI of the CAA, 42 U.S.C. § 7401 *et. seq.* and/or 40 C.F.R. Part 82, Subpart F. Defendant shall be allowed a credit for any stipulated penalties paid against any statutory penalties imposed for such violation.

## IX.  FORCE MAJEURE

56. A Force Majeure event, for purposes of this Decree, is defined as any event arising from causes beyond the control of Defendant, of any entity controlled by Defendant or of Defendant's contractors, that delays or prevents the performance of any obligation under this Decree despite Defendant's best efforts to fulfill the obligation. The requirement that Defendant exercise best efforts to fulfill the obligation includes using best efforts to anticipate any potential force majeure event and best efforts to address the effects of any such event (a) as it is occurring and (b) after it has occurred to prevent or minimize any resulting delay to the greatest extent possible. Force Majeure event does not include Defendant's financial inability to perform any obligation under this Decree. For the purposes of this Decree with respect to the HLA vehicle, the Pluggable Hybrid Electric Terminal Truck, and

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 23 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1  retrofitting long-haul semi-tractors with DPFs, a Force Majeure event includes bid or

2  contract protests and related legal actions, the failure to receive responsible and responsive

3  bid submittals from vendors, or the inability of the vendor to supply either vehicle or retrofit

4  the long-haul semi-tractors with DPFs on the date promised for reasons beyond the

5  reasonable control of the vendor.

6  57. If any event occurs or has occurred that may delay the performance of any obligation under

7  this Decree, whether or not caused by a force majeure event, Defendant shall provide notice

8  orally to U.S. EPA, Region 10 at 206-553-1200, within 3 Days (72 consecutive hours) of

9  when Defendant first knew that the event might cause a delay.  Within 15 Days of the date of

10  Defendant's initial notice under this Paragraph, Defendant shall provide in writing to EPA an

11  explanation and description of the reasons for the delay; the anticipated duration of the delay;

12  all actions taken or to be taken to prevent or minimize the delay; a schedule for

13  implementation of any measures to be taken to prevent or mitigate the delay or the effect of

14  the delay; Defendant's rationale for attributing such delay to a Force Majeure event if it

15  intends to assert such a claim; and a statement as to whether, in the opinion of Defendant,

16  such event may cause or contribute to an endangerment to public health, welfare or the

17  environment.  Defendant shall include with any notice all available documentation

18  supporting the claim that the delay was attributable to a force majeure.  Failure to comply

19  with the above requirements shall preclude Defendant from asserting any claim of Force

20  Majeure for that event for the period of time of such failure to comply, and for any additional

21  delay caused by such failure.  Defendant shall be deemed to know of any circumstance of

22  which Defendant, or any entity controlled by Defendant, knew or should have known.

23  58. The United States shall make reasonable efforts to notify Defendant within thirty (30) Days

24  in writing of its agreement or disagreement with Defendant's claim of Force Majeure after

25  receipt of the written notice provided by Defendant under Paragraph 57.  If the United States

26  agrees that the delay or anticipated delay is attributable to a Force Majeure event, the time for

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 24 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1    performance of the obligations under this Decree that are affected by the Force Majeure

2    event may be extended by the United States for such time as is necessary to complete those

3    obligations.  An extension of the time for performance of the obligations affected by the

4    Force Majeure event shall not, of itself, extend the time for performance of any other

5    obligation not affected by the Force Majeure.  The United States will notify Defendant in

6    writing of the length of the extension, if any, for performance of the obligations affected by

7    the Force Majeure event.

8    59. If the United States does not agree that a Force Majeure event has occurred, or does not agree

9       to the extension of time sought by Defendant, the United States' position shall be binding,

10      unless Defendant invokes Dispute Resolution under Section X of this Decree.  In any such

11      dispute, Defendant bears the burden of proving, by a preponderance of the evidence, that

12      each claimed event is a Force Majeure event; that Defendant gave the notice required in this

13      Section; that any delay claimed by Defendant is attributable to the Force Majeure event; and

14      that Defendant exercised best efforts to prevent or minimize any delay caused by the Force

15      Majeure event.

16                                    **X.  DISPUTE RESOLUTION**

17   60. Unless otherwise expressly provided for in this Decree, the dispute resolution procedures of

18      this Section shall be the exclusive mechanism to resolve disputes arising under or with

19      respect to this Decree.  Except for actions in which the United States seeks injunctive relief

20      under this Decree, Defendant's failure to seek resolution of a dispute under this Section shall

21      preclude Defendant from raising any such issue as a defense to an action by the United States

22      to enforce any obligation of Defendant arising under this Decree.

23   61. Informal Dispute Resolution.  Any dispute subject to Dispute Resolution under this Decree

24      shall first be the subject of informal negotiations.  The dispute shall be considered to have

25      arisen when Defendant sends the United States a written notice of dispute in accordance with

26      Section XV of this Decree (Notices).  Such notice of dispute shall state clearly the matter and

CONSENT DECREE                                      UNITED STATES DEPARTMENT OF JUSTICE
United States v. City of Tacoma's Public Works            Environment and Natural Resources Division
Department, Civil Action No. 3:10-cv-05497               P.O. Box 7611, Washington, D.C. 20044-7611
- 25 -

1    the reason for the dispute.  The period of informal negotiations shall not exceed 60 Days

2    from the date the dispute arises, unless that period is modified by written agreement.  If the

3    Parties cannot resolve a dispute by informal negotiations, then the position advanced by the

4    United States shall be considered binding unless, within 15 Days after the conclusion of the

5    informal negotiation period, Defendant invokes formal dispute resolution procedures as set

6    forth below.

7    62. Formal Dispute Resolution.  Defendant shall invoke formal dispute resolution procedures,

8    within the time period provided in the preceding Paragraph, by filing with the Court and

9    serving on the United States, in accordance with Section XV (Notices), a motion requesting

10   judicial resolution of the dispute.  The motion shall include, but need not be limited to, any

11   factual data, legal and other analysis, opinion, or documentation, and shall set forth the relief

12   requested and any schedule within which the dispute must be resolved for orderly

13   implementation of this Decree.

14   63. The United States shall respond to Defendant's motion within the time period provided in the

15   Local Rules of this Court, unless the parties stipulate otherwise.  Defendant may file a reply

16   memorandum, to the extent permitted by the Local Rules or the Parties' stipulation; as

17   applicable.

18   64. Standard of Review:  Except as otherwise provided in this Decree, in any dispute brought

19   under this Section, Defendant shall bear the burden of demonstrating that its position

20   complies with this Decree.  The United States reserves the right to argue that its position is

21   reviewable only on the administrative record and must be upheld unless arbitrary and

22   capricious or otherwise not in accordance with law.

23   65. The invocation of dispute resolution procedures under this Section shall not, by itself, extend,

24   postpone, or affect in any way any obligation of Defendant under this Decree, unless and

25   until final resolution of the dispute so provides.  Stipulated penalties with respect to the

26   disputed matter shall continue to accrue from the first Day of noncompliance, but payment

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 26 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1   shall be stayed pending resolution of the dispute as provided in Section VIII (Stipulated

2   Penalties).  If Defendant does not prevail on the disputed issue, stipulated penalties shall be

3   assessed and paid as provided in Section VIII (Stipulated Penalties).

4   ## XI. INFORMATION COLLECTION AND RETENTION

5   66. The United States and its representatives, including attorneys, contractors, and consultants,

6   shall have the right of entry into any facility covered by this Decree, at all reasonable times,

7   upon presentation of credentials, to:

8   a.  Monitor the progress of activities required under this Decree;

9   b.  Verify any data or information submitted to the United States in accordance with the

10  terms of this Decree;

11  c.  Obtain documentary evidence, including photographs and similar data; and

12  d.  Assess Defendant's compliance with this Decree.

13  For the purpose of this Decree, the phrase "all reasonable times" shall mean between the

14  hours of 8:00 AM and 5:00 PM Pacific Standard Time, Monday through Friday, excluding

15  holidays.

16  67. Until the termination of this Decree, Defendant shall retain, and shall instruct its contractors

17  and agents to preserve, all non-identical copies of all documents, records, or other

18  information (including documents, records, or other information in electronic form) in its or

19  its contractors', or agents' possession or control, or that come into its or its contractors' or

20  agents' possession or control, and that relate in any manner to Defendant's performance of its

21  obligations under this Decree.  This information-retention requirement shall apply regardless

22  of any contrary corporate or institutional policies or procedures.  At any time during this

23  information-retention period, upon request by the United States, Defendant shall provide

24  copies of any documents, records, or other information required to be maintained under this

25  Paragraph, subject to Defendant's right to assert a privilege as set forth in Paragraph 68.

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 27 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

68. At the conclusion of the document-retention period provided in the preceding Paragraph, Defendant shall notify the United States at least 90 Days prior to the destruction of any records or documents subject to the requirements of the preceding Paragraph, and, upon request by the United States, Defendant shall deliver any such records or documents to EPA. Defendant may assert that certain documents, records, or other information are privileged under the attorney-client privilege or any other privilege recognized by Washington state or federal law.  If Defendant asserts such a privilege, it shall provide the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of each author of the document, record, or information;  (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Defendant.  However, no document, records, data, or other information created or generated as required by this Decree shall be withheld on grounds of privilege.

69. This Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United State pursuant to applicable federal or state laws, regulations or permits.

## XII. FAILURE OF COMPLIANCE

70. Notwithstanding the United States' review and approval of any documents submitted to it by Defendant pursuant to this Decree, Defendant shall remain solely responsible for compliance with the terms of the CAA, its implementing regulations, and this Decree.

## XIII. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

71. This Decree resolves the civil claims of the United States for the violations alleged in the Complaint through the date of lodging of this Decree.

72. The United States reserves all legal and equitable remedies available to enforce the provisions of this Decree.  This Decree shall not be construed to limit the rights of the United

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 28 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1    States to obtain penalties or injunctive relief under the CAA or its implementing regulations,

2    or under other federal laws, regulations, or permit conditions, for violations other than those

3    alleged in the Complaint and settle in this Decree. The United States further reserves all

4    legal and equitable remedies to address any imminent and substantial endangerment to the

5    public health or welfare or the environment arising at, or posed by, Defendant's Landfill,

6    whether related to the violations addressed in this Decree or otherwise.

7    73. This Decree is not a permit, or a modification of any permit, under any federal, State, or local

8    laws or regulations. Defendant is responsible for achieving and maintaining complete

9    compliance with all applicable federal, State, and local laws, regulations, and permits; and

10    Defendant's compliance with this Decree shall be no defense to any action commenced

11    pursuant to any such laws, regulations, or permits, except as set forth herein. The United

12    States does not, by its consent to the entry of this Decree, warrant or aver in any manner that

13    Defendant's compliance with any aspect of this Decree will result in compliance with

14    provisions of the CAA, including 42 U.S.C. § 7671g and the implementing regulations at 40

15    C.F.R. Part 82, Subpart F or with any other provisions of federal, State, or local laws,

16    regulations, or permits.

17    74. This Decree does not limit or affect the rights of Defendant or of the United States against

18    any third parties not party to this Decree, nor does it limit or otherwise affect the rights of

19    third parties not party to this Decree, against Defendant, except as otherwise provided by

20    law.

21    75. This Decree shall not be construed to create rights in, or grant any cause of action to, any

22    third party not party to this Decree.

23    **XIV. COSTS**

24    76. Each Party shall bear its own costs associated with this action, including attorneys' fees,

25    except that the United States shall be entitled to collect the costs (including attorneys' fees)

26    incurred in any action necessary to collect any portion of the civil penalty or any stipulated

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 29 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1    penalties due but not paid by Defendants brought in accordance with Sections IV (Civil

2    Penalty) and VIII (Stipulated Penalties) herein.

3  77. Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless

4    otherwise provided in this Decree or by mutual agreement of the Parties in writing.

5                             **XV. NOTICES**

6  78. Unless otherwise specified herein, whenever notifications, submissions, or communications

7    are required by this Decree, they shall be made in writing and addressed as follows:

8    <u>To the United States</u>:

9    Chief, Environmental Enforcement Section
10    Environment and Natural Resources Division
     U.S. Department of Justice
11    Ben Franklin Station
     Box 7611
12    Washington, DC 20044-7611

13    Alex Fidis
     U.S. Environmental Protection Agency, Region 10
14    Office of Regional Counsel
     1200 Sixth Ave, Suite 900
15    Mail Stop ORC-158
     Seattle, WA 98101
16

17    Katie McClintock
     U.S. Environmental Protection Agency, Region 10
     Office of Compliance Enforcement
18    1200 Sixth Ave, Suite 900
     Mail Stop OCE-127
19    Seattle, WA 98101

20    <u>To Defendant</u>:

21    Michael Slevin, P.E.
     Assistant Director, Department of Public Works
22    City of Tacoma
     747 Market Street, Room 408
23    Tacoma, WA 98402

24    Kenneth Tross
     Solid Waste Division Manager, Department of Public Works
25    City of Tacoma
     3510 So. Mullen Street
26    Tacoma, WA 98409

27    Doug Mosich

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 30 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1   Deputy City Attorney
    City of Tacoma
    Office of the City Attorney
2   747 Market Street, Room 1120
    Tacoma, WA 98402

3

4   79. Any Party may, by written notice to the other Parties, change its designated notice recipient

5       or notice address provided above.

6   80. Notice submitted pursuant to this Section shall be deemed submitted upon mailing, unless

7       otherwise provided in this Decree or by mutual agreement of the Parties in writing.

8                           **XVI. EFFECTIVE DATE**

9   81. The Effective Date of this Decree shall be the date upon which this Decree is entered by the

10      Court or a motion to enter this Decree is granted, whichever occurs first, as recorded on the

11      Court's docket.

12                      **XVII. RETENTION OF JURISDICTION**

13  82. The Court shall retain jurisdiction over this case until termination of this Decree, for the

14      purpose of enabling any of the Parties to apply to the Court for such further order, direction,

15      or relief as may be necessary or appropriate for the construction or modification of this

16      Decree, or to effectuate or enforce compliance with its terms, or to resolve disputes in

17      accordance with Section X of this Decree (Dispute Resolution).

18                          **XVIII. MODIFICATION**

19  83. The terms of this Decree may be modified only by a subsequent written agreement signed by

20      all of the parties.  Where the modification constitutes a material change to this Decree, it

21      shall be effective only upon approval by the Court.

22  84. Any disputes concerning modification of this Decree shall be resolved pursuant to Section X

23      of this Decree (Dispute Resolution), provided, however, that, instead of the burden of proof

24      provided by Section X, the Party seeking the modification in any such dispute bears the

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 31 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1     burden of demonstrating that it is entitled to the requested modification in accordance with

2     Federal Rule of Civil Procedure 60(b).

3                            **XIX. TERMINATION**

4  85. After Defendant has satisfactorily complied with all requirements of this Decree, including

5       those relating to the SEPs and reporting requirements required under Section VI and VII and

6       has paid the civil penalty and any accrued Stipulated Penalties as required by this Decree,

7       Defendant may serve upon the United States a request for termination, stating that Defendant

8       has satisfied those requirements, together with all necessary supporting documentation.

9  86. Following receipt by the United States of Defendant's Request for Termination, the Parties

10      shall confer informally concerning the Request and any disagreement that the Parties may

11      have as to whether Defendant has satisfactorily complied with the requirements for

12      termination of this Decree.  If the United States agrees that the Decree may be terminated, the

13      Parties shall submit, for the Court's approval, a joint stipulation terminating the Decree.  The

14      United States shall not unreasonably withhold its agreement to terminate this Decree.

15  87. If the United States does not agree that the Decree may be terminated, Defendant may invoke

16      Dispute Resolution under Section X of this Decree.  However, Defendant shall not seek

17      Dispute Resolution of any dispute regarding termination until 60 days after service of its

18      Request for Termination.

19                    **XX. PUBLIC PARTICIPATION**

20  88. This Decree shall be lodged with the Court for a period of not less than 30 Days for public

21      notice and comment in accordance with 28 C.F.R. § 50.7.  The United States reserves the

22      right to withdraw or withhold its consent if the comments regarding this Decree disclose facts

23      or considerations indicating that this Decree is inappropriate, improper, or inadequate.

24      Defendant consents to entry of this Decree without further notice and agrees not to withdraw

25      from or oppose entry of this Decree by the Court or to challenge any provision of this

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 32 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1   Decree, unless the United States has notified Defendant in writing that it no longer supports

2   entry of this Decree.

3   **XXI. SIGNATORIES/SERVICE**

4   89. Each undersigned representative of Defendant, and the Chief or Deputy Section Chief for the

5   Environmental Enforcement Section of the Environment and Natural Resources Division of

6   the Department of Justice, certifies that he or she is fully authorized to enter into the terms

7   and conditions of this Decree and to execute and legally bind the Party he or she represents to

8   this document.

9   90. This Decree may be signed in counterparts, and its validity shall not be challenged on that

10   basis.  Defendant agrees to accept service of process by mail with respect to all matters

11   arising under or relating to this Decree and to waive the formal service requirements set forth

12   in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of

13   this Court including, but not limited to, service of a summons.

14   **XXII. INTEGRATION**

15   91. This Decree, and attachments constitutes the final, complete, and exclusive agreement and

16   understanding among the Parties with respect to the settlement embodied in the Decree and

17   supercedes all prior agreements and understandings, whether oral or written, concerning the

18   settlement embodied herein.  Other than deliverables that are subsequently submitted and

19   approved pursuant to this Decree, no other document, nor any representation, inducement,

20   agreement, understanding, or promise, constitutes any part of this Decree or the settlement it

21   represents, nor shall it be used in construing the terms of this Decree.

22   **XXIII. FINAL JUDGMENT**

23   92. Upon approval and entry of this Decree by the Court, this Decree shall constitute a final

24   judgment of the Court as to the United States and Defendant.

25

CONSENT DECREE
United States v. City of Tacoma's Public Works
Department, Civil Action No. 3:10-cv-05497
- 33 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1    Dated and entered this 24 day of August 2010

2

3

4    HON.  UNITED STATES DISTRICT JUDGE

5    Western District of Washington at Tacoma

6

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611

1   THE UNDERSIGNED PARTIES enter into this Decree in the matter of *United States v. City of*

2   *Tacoma's Public Works Department*, Civil Action No. 3:10-cv-05497, relating to the City of

3   Tacoma's Municipal Landfill.

4

5   FOR PLAINTIFF UNITED STATES OF AMERICA:

6

7                                   IGNACIA S. MORENO
                                    Assistant Attorney General
8                                   Environment and Natural Resources Division
                                    U.S. Department of Justice
9                                   Washington, D.C.  20530

10

11                                  JENNY DURKAN
                                    United States Attorney
                                    Western District of Washington
12

13

Date: July 14, 2010

14                                  ELLEN MAHAN
                                    Deputy Section Chief
15                                  Environmental Enforcement Section
                                    Environment and Natural Resources Division
                                    U.S. Department of Justice
16                                  P.O. Box 7611
                                    Washington, DC  20044-7611
17

18                                  RICHARD S. GREENE
                                    Trial Attorney
19                                  Environmental Enforcement Section
                                    Environment and Natural Resources Division
                                    U.S. Department of Justice
20                                  P.O. Box 7611
                                    Washington, DC  20044-7611
21

22
23

CONSENT DECREE                                UNITED STATES DEPARTMENT OF JUSTICE
United States v. City of Tacoma's Public Works        Environment and Natural Resources Division
Department, Civil Action No. 3:10-cv-05497             P.O. Box 7611, Washington, D.C. 20044-7611
- 35 -

1   Date: 7/12/10

2                                           BRIAN C. KIPNIS
                                            Assistant United States Attorney
3                                           Chief, Civil Division
                                            Office of the United States Attorney for the
4                                           Western District of Washington
                                            5200 United States Courthouse
5                                           700 Stewart Street
                                            Seattle, WA 98101-1271

6   Date: _____

7                                           MARGARET B. SILVER
                                            Acting Regional Counsel
8                                           U.S. Environmental Protection Agency
                                            Office of Regional Counsel
9                                           Region 10
                                            1200 Sixth Ave.
10                                          Seattle, WA 98101

11
    OF COUNSEL:
12  ALEX FIDIS
    Assistant Regional Counsel
13  Region 10
    1200 Sixth Ave.
14  Seattle, WA 98101

15

16

17

18

19

20

21

22

23

24

25

CONSENT DECREE                              UNITED STATES DEPARTMENT OF JUSTICE
United States v. City of Tacoma's Public Works    Environment and Natural Resources Division
Department, Civil Action No. []                   P.O. Box 7611, Washington, D.C. 20044-7611
- 35 -

1  | Date: _____

2  |                              BRIAN C. KIPNIS
   |                              Assistant United States Attorney
   |                              Chief, Civil Division
3  |                              Office of the United States Attorney for the
   |                              Western District of Washington
4  |                              5200 United States Courthouse
   |                              700 Stewart Street
5  |                              Seattle, WA 98101-1271

6  | Date: 7/8/2010              *Margaret B Silver*

7  |                              MARGARET B. SILVER
   |                              Acting Regional Counsel
8  |                              U.S. Environmental Protection Agency
   |                              Office of Regional Counsel
9  |                              Region 10
   |                              1200 Sixth Ave.
10 |                              Seattle, WA 98101

11 |

12 | OF COUNSEL:
   | ALEX FIDIS
   | Assistant Regional Counsel
13 | Region 10
   | 1200 Sixth Ave.
14 | Seattle, WA 98101

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

CONSENT DECREE                                    UNITED STATES DEPARTMENT OF JUSTICE
United States v. City of Tacoma's Public Works        Environment and Natural Resources Division
Department, Civil Action No. []                      P.O. Box 7611, Washington, D.C. 20044-7611
- 35 -

1 | FOR DEFENDANT CITY OF TACOMA:

2

3 | Date: 7-9-10

ERIC ANDERSON
4 | City Manager
747 Market Street, Room 1200
5 | Tacoma, WA 98402

6 | Date: 8 July 2010

7 | RICHARD E. MCKINLEY
Public Works Director
8 | 747 Market Street, Room 408
Tacoma, WA 98402

9
10 | Date: 7/8/10

11 | ROBERT K. BILES
Director of Finance
12 | 747 Market Street, Room 132
Tacoma, WA 98402

13
14 | Date: 7-9-10

15 | DEBORAH DAHLSTROM
Risk Manager
16 | 747 Market Street, Room 1420
Tacoma, WA 98402

17

18
19 | ATTEST:                          APPROVED AS TO FORM:
20

21 | DORIS SORUM                      DOUG MOSICH
22 | City Clerk                       Deputy City Attorney

**APPENDIX A**
**CITY OF TACOMA CONSENT DECREE**
**SEP PROJECT ELEMENTS**

## 1.    Background

The City of Tacoma (City), acting through its Solid Waste Management Division
(SWM) controls the collection and handling of solid waste generated within
Tacoma.  SWM provides garbage and recycling collection services within the city
limits.  SWM also operates outside Tacoma when it transports solid waste for
disposal, and when it transports recyclable materials to recycling
processors. SWM operates the City's largest fleet of heavy diesel trucks and
tractors on a daily basis.  The vehicles include both garbage collection trucks as
well as tractors that haul solid waste to the LRI Landfill.  SWM also uses heavy
equipment to manage solid waste at the Tacoma Landfill.  Most, if not all, of
SWM's heavy vehicles and equipment are diesel powered.

With the exception of the long-haul semi-tractors that haul solid waste to the LRI
Landfill, all of SWM's "over the road" garbage collection trucks have been
retrofitted with particulate filters or they have been purchased with the
appropriate air pollution control devices.  In late 2009, the Environmental
Protection Agency formally designated the Tacoma area as a "non-attainment
area" for fine particulate matter, PM2.5.

## 2.    Supplemental Environmental Projects (SEP) Summary

The proposed projects require that SWM purchase innovative fuel-efficient trucks
and equipment and retrofit existing tractors to reduce emissions from SWM
operations.  The trucks and equipment purchased or retrofitted by SWM will help
to reduce diesel emissions in the Tacoma area.  SWM's efforts will provide an
important example to other municipal solid waste operators and haulers, both
public and private, about how the use of innovative technologies can reduce
diesel emissions and improve fuel efficiency.

Specifically, the SEPs have the following elements, with project details and
environmental benefits of each proposal included in the next section.

- **Purchase a Hydraulic Launch Assist Refuse Collection Vehicle
  (HLA).**  The HLA is a new technology that has the potential to increase
  the fuel economy and reduce emissions of solid waste collection
  vehicles.

- **Purchase a Pluggable Hybrid Electric Terminal Truck.**  The Hybrid
  Terminal truck will be used in SWM's yard operations and has the
  potential to greatly decrease diesel fuel use and emissions.

Appendix A
July 1, 2010

- **Retrofit Ten SWM Long-Haul Semi-Tractors.** These long-haul semi-tractors, which haul trailers and containers will be retrofitted with Diesel Particulate Filters to reduce diesel emissions.

## 3.   SEP Descriptions

This section describes the SEPs SWM will implement, including the environmental benefit of each option.

## a) Purchase and Use of Hydraulic Launch Assist Refuse Collection Vehicle

SWM collects solid waste from both residents and businesses within the city limits of Tacoma.  Tacoma is proposing to purchase and use a hydraulic launch assist refuse collection truck with automated collection capability.

The hydraulic launch is a new technology that has the potential to greatly increase the fuel economy and reduce emissions of solid waste collection vehicles.  The HLA system captures and stores energy that otherwise would be wasted during the vehicle's normal operation, and then uses that energy to reduce fuel consumption.  During deceleration, the HLA system stores energy by pressurizing fluid in an accumulator.  Storing this energy means it is not dissipated as heat through the brake system and, ultimately, wasted.  The stored energy is used to drive a hydraulic motor that provides acceleration for the vehicle to move after a stop, which reduces fuel consumption.

Tacoma's residential garbage collection trucks each make frequent stops on a single route.  This is important because according to the HLA specification information, the system provides the greatest benefit when the vehicle's driving patterns involves a high frequency of stop-and-go driving.  Using an HLA Vehicle has the potential to increase the fuel efficiency of this operation.

**Environmental benefits**:  Because the HLA technology is new, long- term performance data is not available; however, based on test trials conducted by the manufacturer, use of the HLA technology is expected to result in quantifiable reductions in diesel emissions and fuel consumption.

**Replacement Schedule**:  This vehicle will replace a non-HLA automated side loading refuse collection vehicle that is scheduled to be replaced in 2012.

**Schedule for Purchase and Use of the HLA**

The HLA vehicle will be purchased within 18 months of the effective date of the Consent Decree.

Appendix A
July 1, 2010

As part of this SEP, SWM will use the HLA vehicle for a minimum of five years after the vehicle is put into service.  The HLA vehicle will be used as a regular collection vehicle to collect residential garbage, yard waste or recycling.  The HLA vehicle will likely be assigned to numerous routes to evaluate the vehicle's performance under varying conditions.  Regular use means that the HLA Vehicle will be assigned to a typical trash collection route, similar to the schedules of SWM's other trash collection trucks.

The HLA vehicle will be used to service the assigned route on a regular basis unless the vehicle is not operable, available or is deemed unsafe.  Some conditions that would cause the vehicle to be inoperable, unavailable, or unsafe include, but are not limited to:

- The vehicle is undergoing regular preventive maintenance.

- The vehicle is undergoing minor or major repair to correct a malfunctioning or broken system.

- The vehicle is undergoing repair due to a vehicle accident or incident.

- The vehicle has been damaged beyond repair due to an on-board fire or major motor vehicle accident.

As part of the project, hours, fuel use and maintenance costs will be tracked specifically for this vehicle.  Relevant qualitative observations will also be noted, specifically observations that can impact the use and suitability of the vehicles for future purchases.

b) **Purchase a Pluggable Hybrid Electric Terminal Truck for use in SWM's yard operations.**

SWM uses yard tractors to move transfer trailers around the Tacoma Landfill.  Because of the size of the operations, SWM typically uses two diesel-powered yard tractors per day, each running approximately eight hours per day.  Yard Tractor, Yard Mule and Yard Trucks are used interchangeably by the industry when describing this type of vehicle.

A new type of yard tractor has been developed that appears to greatly reduce fuel use and air emissions.  The new technology is a Pluggable Hybrid Electric Terminal Truck, which uses a 225 HP electric motor, an onboard 40 HP generator set and regenerative braking.  As the name indicates, it is also able to recharge from an electric power source.  This vehicle can run in hybrid mode or entirely off of the battery.  Tacoma proposes as part of the SEP to purchase and use one Pluggable Hybrid Electric Terminal Truck.

Appendix A
July 1, 2010

**Environmental benefits**:  In hybrid mode, operators who have used this vehicle in other jurisdictions have reported significant fuel economy savings. If allowed to run completely off the battery, there is no diesel used and the vehicle would have zero emissions.  (It is possible that SWM's steep facility grades may not allow running off the battery alone.)  Specific data regarding the potential environmental benefits of this vehicle include:

**Replacement Schedule**:  This vehicle will replace a diesel powered yard tractor that is scheduled to be replaced in 2015.

**Schedules for Purchase and Use of the Pluggable Hybrid Terminal Truck**

A Pluggable Hybrid Electric Terminal Truck will be purchased within 12 months of the effective date of the Consent Decree.

As part of this SEP, SWM will use this vehicle for a minimum of five years after the vehicle is put into service.  The Pluggable Hybrid Electric Terminal truck will be used as one of the vehicles regularly used to move semi trailers (both empty and full) or chassis with rail containers around the Tacoma Transfer Station facility.  Under normal conditions, the vehicle will be assigned as one of the three yard tractors in regular service.  Each day, two of the three yard tractors are used for facility operations.  Because the Transfer Station is seven-day per week operation, any one of the three tractors in regular service may be used up to five days per week.  A fourth yard tractor is kept as a backup and is used when one of the three normal yard tractors is out of service.

The Pluggable Hybrid Electric Terminal Truck will be used as described above unless the vehicle is not operable, available or is deemed unsafe. Some conditions that would cause the vehicle to be inoperable, unavailable or unsafe include, but are not limited to:

- The vehicle is undergoing regular preventive maintenance.

- The vehicle is undergoing minor or major repair to a worn, malfunctioning or broken system.

- The vehicle is undergoing repair due to a vehicle accident or incident.

- The vehicle has been damaged beyond repair due to an on board fire or major motor vehicle accident.

As part of the project, hours, fuel use and maintenance costs will be tracked specifically for this vehicle.  Relevant qualitative observations will also be

Page 4 of 6

Appendix A
July 1, 2010

noted, specifically observations that can impact the use and suitability of the vehicles for future purchases.

c) **Retrofit 10 SWM long-haul semi-tractors with Diesel Particulate Filters.**

SWM retrofitted a majority, but not all, of its fleet of diesel-powered collection vehicles by adding Diesel Particulate Filters (DPF) when the technology became available.  When the initial DPF retrofitting was implemented, the long-haul semi-tractors used for hauling solid waste to the LRI Landfill were not retrofitted because certain engine types and use profiles were not amenable to the DPF technology that was available at the time.  This includes the engines in the long-haul semi-tractors that haul solid waste to the LRI Landfill.  The fleet of 13 long-haul semi-tractors was not retrofitted for this reason.

SWM proposes to retrofit 10 of the 13 long-haul semi-tractors with DPFs. Each of these long-haul semi-tractors operate primarily in the Tacoma and south Pierce County areas.  The City will not retrofit the remaining 3 long-haul semi-tractors because it is anticipated that they will be taken out of service and replaced the next two years.

**Environmental benefits**: The emissions reductions that can be achieved as a result of installing DPFs vary depending on engine type and emissions temperatures.  It is estimated that the addition of DPFs to 10 of these vehicles will result in eliminating a significant volume of particulate emissions per year.

**Retrofit Schedule**:  DPFs will be added to long-haul semi-tractors that are not scheduled to be replaced until after 2012.  The 10 tractors to be retrofitted have model years ranging from 2001 to 2006.

The long-haul semi-tractors that will be retrofitted include the following vehicles:

| Tractor # | MODEL YEAR |
| --- | --- |
| R6746 | 2006 |
| R6747 | 2006 |
| R6736 | 2005 |
| R6737 | 2005 |
| R6732 | 2004 |
| R6733 | 2004 |
| R6728 | 2003 |
| R6729 | 2003 |
| R6712 | 2001 |

Appendix A
July 1, 2010

| R6713 | 2001 |
|-------|------|

**Schedule for Purchase and Installation of the DPF Retrofit Equipment**

The DPF Retrofit equipment will be purchased and installed by March 31st, 2011.

As part of this SEP, SWM will use the 10 retrofitted long-haul semi-tractors for a minimum of five years, or when the vehicles reach the end of their 12-year City duty cycle. The 10 long-haul semi-tractors that will have the DPF Retrofits installed are used to transport wastes to other facilities that handle wastes and recycling. At this time between 8 and 10 vehicles are used for this purpose. The 10 retrofitted long-haul semi-tractors will be assigned these duties. As the retrofitted vehicles reach the end of their duty cycles, they will be removed from service and replaced with newer vehicles with air pollution systems that meet current air pollution requirements. The DPFs will remain with the long-haul semi-tractors after they are placed into the SWM backup fleet, or sold to another party.

The 10 tractors retrofitted with DPFs will be used as described above unless the vehicle is not operable, available or is deemed unsafe. Some conditions that would cause the vehicle to be inoperable, unavailable or unsafe include, but are not limited to:

- The vehicle is undergoing regular preventive maintenance.

- The vehicle is undergoing minor or major repair to a worn, malfunctioning or broken system.

- The vehicle is undergoing repair due to a vehicle accident or incident.

- The vehicle has been damaged beyond repair due to an on board fire or major motor vehicle accident.

4. **Purchasing Process**

The procurement of the SEP vehicles and diesel retrofit equipment is subject to the City of Tacoma purchasing guidelines.

Appendix A
July 1, 2010